**Brian Desmond CAULDWELL, Individually and on Behalf of Other Concerned Underwriters At Lloyds, London, Plaintiff,**

v.

**Louis DUNCAN, Ray Loden and Western Bank of Houston, Texas, Defendant.**

**Civ. A. No. H–88–4222.**

United States District Court, S.D. Texas, Houston Division.

June 2, 1993.

Harold K. Watson, Liddell Sapp Zivley Hill & LaBoon, Houston, TX, for Brian Desmond Cauldwell, Underwriters/Lloyds.

Gregory A. Stewart, Stephens & Clark, Houston, TX, Joe Sneed, Austin, TX, for Louis Duncan.

Western Bank/Houston, pro se.

Marc H. Schneider, Waldron & Schneider, Waldron & Schneider, Ray Loden, Houston, TX, for Ray Loden.

**234**

Robbye R. Waldron, Trustee, pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

NORMAN W. BLACK, Chief Judge.

On the 1st day of March, 1993, the above-captioned matter was called for trial. BRIAN DESMOND CAULDWELL, Individually and on Behalf of Other concerned Underwriters of Lloyd's, London ("Plaintiff" or "Cauldwell"), brought suit for declaratory judgment against LOUIS DUNCAN ("Duncan") and RAY A. LODEN ("Loden"), Defendants. Plaintiff appeared through his authorized representative and attorneys. Defendant LOUIS DUNCAN appeared in person and through his attorneys. Defendant RAY A. LODEN failed to appear.

After considering all of the evidence admitted in this action, the Court makes the following findings of fact and/or conclusions of law:

### FINDINGS OF FACT

1. On or about March 10, 1985, Duncan and Loden obtained a policy of all risk insurance (the "Insurance Policy") with Cauldwell to provide equipment floater/cargo coverage for an SCR–AC/DC electrical conversion system (the "SCR Unit").

2. By an endorsement dated November 21, 1985, transit coverage was added to the Insurance Policy. This endorsement excluded:

> Loss or damage caused by or resulting from misappropriation, conversion and infidelity or any dishonest act on the part of the Assured or other party of interest, his or their employees or agents or others to whom the property may be delivered or entrusted (carriers for hire excepted).

The Insurance Policy was an actual cash value policy, pursuant to condition 1(g) entitled "Valuation."

3. The SCR Unit was located in Louisiana when arrangements were made for its transport to Texas. The SCR Unit "disappeared" while being transported from New Iberia, Louisiana to Pasadena, Texas on or around November 30, 1985. After the disappearance of the SCR Unit, Duncan and Loden initiated a claim under the Insurance Policy.

4. On June 8, 1986, Cauldwell filed a complaint for declaratory judgment seeking a determination of Plaintiff's rights and liabilities, if any, under the Insurance Policy.

5. On August 29, 1988, Duncan filed his Answer and Counterclaim (the "Counterclaim") against Cauldwell. By his Counterclaim, Duncan alleged causes of action for negligence, civil conspiracy, fraud, breach of fiduciary duty, and breach of contract, seeking $6 million in actual and punitive damages as well as attorneys' fees and court costs. This Counterclaim was never served on Plaintiff or Plaintiff's counsel. Loden never filed any answer or any counterclaim to Plaintiff's lawsuit. The Court finds that none of Duncan's counterclaims have any basis in fact. In particular, the Court finds that Cauldwell was not negligent, did not enter into a civil conspiracy, did not commit fraud, did not breach any fiduciary duty, and did not breach any contract.

6. Duncan and Loden's alleged "loss" of the SCR Unit was caused by and resulted from their own acts which constitute misappropriation, conversion, infidelity and dishonesty.

7. Duncan and Loden's alleged "loss" of the SCR Unit was also caused by the misappropriation, conversion, infidelity and dishonesty of J.C. Stone ("Stone"), the person to whom the SCR Unit was delivered and entrusted.

8. Duncan and Loden hired Stone to make the SCR Unit disappear. This was a scheme to defraud Cauldwell by wrongfully recovering proceeds under the Insurance Policy. Stone participated in the scheme at the direction of Duncan and Loden.

9. Stone acted as Duncan and Loden's agent when Stone misappropriated the SCR Unit.

10. Stone was not a carrier for hire.

11. Duncan and Loden concealed and misrepresented the facts surrounding the disappearance of the SCR Unit.

12. Duncan and Loden grossly overvalued and materially misrepresented the actual value of the SCR Unit at the time the SCR Unit was originally insured and at the time the Insurance Policy was renewed.

13. The actual cash value of the SCR Unit at the time of the loss was no more than $25,000.00.

14. Neither Duncan nor Loden had an insurable interest in the SCR Unit at any time.

15. Duncan knew or should have known of the facts giving rise to his claims controlled by the two-year statue of limitations more than two years prior to the time of filing his Counterclaim.

16. Duncan knew or should have known of the facts giving rise to his claims controlled by the four-year statute of limitations more than four years prior to the time of service of Duncan's Counterclaim.

17. The Court finds that Plaintiff incurred $400,000.00 in reasonable and necessary attorneys' fees for preparation and trial of this action and in direct and out-of-pocket costs.

18. In the event Duncan or Loden appeals this judgment to the United States Court of Appeals, then the Court finds that Plaintiff will incur $15,000.00 in reasonable and necessary attorneys' fees to respond to such appeal.

19. In the event Duncan or Loden files a petition for writ of certiorari to the United States Supreme Court, then the court finds that Plaintiff will incur $10,000.00 in reasonable and necessary attorneys' fees to respond to the filing of such petition.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of the parties and the matter in controversy herein exceeds $10,000.00, exclusive of interest and costs.

2. This Court has personal jurisdiction over the parties in this action, consistent with due process under the United States Constitution.

3. Venue is proper in this forum.

4. This Court finds that the Insurance Policy is null and void.

5. The Court finds that none of Duncan's counterclaims have any basis in law. In particular, the Court finds that Cauldwell was not negligent, did not enter into a civil conspiracy, did not commit fraud, did not breach any fiduciary duty, and did not breach any contract.

6. Loden has no affirmative claims against Plaintiff because, even assuming such claims exist, they are barred by the two-year and four-year statutes of limitations.

7. All of Duncan's counterclaims which are governed by the two-year statute of limitations are barred. Duncan's fraud claim and breach of contract claim are barred by the four-year statute of limitations because Duncan's Counterclaim was never served on Plaintiff or his attorneys prior to the expiration of that limitations period. Furthermore, although this Court finds that a two-year statute of limitations applies to Duncan's breach of fiduciary duty claim, should an appellate court hold that a four-year statute of limitations applies, Duncan's breach of fiduciary claim is nonetheless barred because Duncan's Counterclaim was never served on Plaintiff or his attorneys prior to the expiration of that limitations period.

8. Plaintiff acted properly, not in bad faith, when he investigated the claim and reasonably denied coverage and denied payment to Duncan and Loden. The insurer, operating under a duty to investigate a claim, cannot act in bad faith if there is a reasonable basis to deny coverage or delay payment.

9. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to section 37.009 of the Texas Civil Practice & Remedies Code (the Texas Declaratory Judgments Act); such fees are equitable and just; and the Joint Pretrial Order clearly put such fees and costs in issue.

10. Plaintiff shall recover his costs.

11. Any conclusion of law more properly characterized as a finding of fact shall be adopted as such. Any finding of fact more

236

properly characterized as a conclusion of law shall be adopted as such.